UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY HELLER,

        Plaintiff,

   v.

SALLIE MAE, INC., and
DOES 1 to 25,

        Defendants.

                                  /

NO. CIV. S-09-0573 LKK/JFM

O R D E R

Plaintiff is an individual who has brought suit against Sallie Mae, a corporation that manages student loan debt. Plaintiff alleges that defendant has unlawfully attempted to collect on a debt that was discharged by the bankruptcy court. Pending before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

////

////

////

## I. BACKGROUND AND ALLEGATIONS[1]

According to the complaint, plaintiff borrowed money from defendant from 1988 through 1990. In 1994, plaintiff filed Chapter 13 Bankruptcy and, in that action in 1997, the Bankruptcy Court issued an order "disallow[ig]" and "discharg[ing]" the claim by California Student Aid Commission. Amended Compl. ¶ 2, Ex. A (Order, Feb. 27, 1997 at 2). Plaintiff alleges that by virtue of this order he "believed any obligation not paid to this Defendant was discharged." Amended Compl. ¶ 2. Subsequently, he contacted defendant and its collection agency and was told that there was no further collection on his account. In July 2006, plaintiff was contacted by defendant and its collection agency, demanding payment. According to plaintiff, he was told he owed "more than double[]" due to accrued interest. Id. ¶ 4.

Plaintiff's suit alleges that defendant waived its rights to collect on his debt. He seeks declaratory relief, damages, and the costs of the suit.

In February 2007, plaintiff filed an adversary action against the same defendant in Bankruptcy Court of this district, which raised the same allegations. Case No. 07-02045. Defendant moved to dismiss on the same grounds that it raises in the instant motion, namely that plaintiff did not state a claim upon which relief may be granted, which plaintiff opposed. On August 16, 2007, the

---

[1] All allegations described herein are from the Amended Complaint for Declaratory Relief and are taken as true for the purposes of this motion only.

2

Bankruptcy Court granted defendant's motion with leave to amend.[2] Plaintiff subsequently filed an amended complaint, which defendant again moved to dismiss on the same grounds and on the alternative grounds that the Bankruptcy Court lacked subject matter jurisdiction to determine whether defendant was barred by equitable estoppel from collecting on the purported debt. The court granted the motion, holding that it lacked jurisdiction over the action. The case was closed in November 2007.

In December 2008, plaintiff filed in the instant suit in Butte County Superior Court and filed an amended complaint in January 2009. Defendant then removed the action to this court on the basis of diversity jurisdiction. Neither the complaint nor any other document tendered to the court indicates the amount of the debt at issue, although the defendant in its removal notice stated that the suit met the amount in controversy requirement for 28 U.S.C. § 1332.

**II. ANALYSIS**

Defendant moves to dismiss plaintiff's action on the grounds that it does not state a claim upon which relief may be granted. Although neither party has addressed the issue, the court has a duty to independently determine whether it has jurisdiction over a matter before it. See 28 U.S.C. § 1447(c). The court concludes that it does not.

---

[2] The court stated in its order that the reasons for granting the motion had been stated on the record, but neither party has tendered that record to the court.

3

28 U.S.C. § 1332 confers federal diversity jurisdiction on civil actions where the matter in controversy exceeds the sum or value of $75,000.00. As the removing party, defendant bears the burden to show that the court has subject matter jurisdiction over the suit. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Insurance Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curium). To determine the amount in controversy, the court may consider whether it is "facially apparent" from the complaint. Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). If it is not, the court may consider facts in the removal petition and "may require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Id.

In an action for declaratory relief, the amount in controversy is "the value of the object the plaintiff is seeking." Glenwood Light & Water Co. v. Mutual Light, H & P Co., 239 U.S. 121, 125 (1915); see also Ridder Bros., Inc. v. Blethen, 142 F.2d 395, 398-99 (9th Cir. 1944). In the instant suit, plaintiff seeks declaratory judgment as to whether defendant may collect a debt from him. However, neither the Amended Complaint nor the Notice of Removal nor any other documents tendered to the court relative to the pending motion to dismiss identify the amount of this debt. The

court is therefore unable to ascertain whether the amount in controversy exceeds $75,000 such that diversity jurisdiction is proper.³

### III. CONCLUSION

Accordingly, the parties SHALL file not later than five (5) days from the date of this order evidence setting forth the amount in controversy in this action. The hearing on defendant's motion to dismiss, currently set for May 4, 2009, is VACATED.

IT IS SO ORDERED.

DATED: April 29, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

³The Declaratory Judgment Act alone does not serve as a basis for the court's jurisdiction. When a plaintiff seeks declaratory relief in federal court on causes of action based on state law, the court typically has discretion under the Declaratory Judgment Act to decline to exercise jurisdiction over the suit. See 28 U.S.C. § 2201; Am. Cas. Co. of Reading, Pennsylvania v. Krieger, 181 F.3d 1113, 1118 (9th Cir. 1999). The Act requires, however, that subject matter jurisdiction otherwise exist over the suit. See 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party . . ."); Canadian Indem. Co. v. Repub. Indem. Co., 222 F.2d 601, 603 (9th Cir. 1955).