UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY HELLER,

        Plaintiff,

   v.

SALLIE MAE, INC., and
DOES 1 to 25,

        Defendants.

                                /

NO. CIV. S-09-0573 LKK/JFM

O R D E R

    Plaintiff is an individual who has brought suit against Sallie Mae, a corporation that manages student loan debt. Plaintiff alleges that defendant has unlawfully attempted to collect on a debt that was discharged by the bankruptcy court. Pending before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The court resolves the motion on the papers.

**I. BACKGROUND**

    The court described the plaintiff's allegations in its April

1

1  30, 2009 order. Briefly, plaintiff alleges that he believed that
2  his debt owed to defendant was discharged in bankruptcy, a belief
3  which he alleges was confirmed by defendant's agent having told him
4  that "there would be no further collection activity" on the debt.
5  Amended Compl. ¶ 3. Thereafter, defendant began to attempt to
6  collect the debt. Plaintiff seeks a declaratory judgment that
7  defendant has waived its rights to collect the debt, as well as
8  damages and the costs of the suit.

9  Plaintiff originally brought this suit as an adversary action
10 in the Bankruptcy Court, which dismissed the complaint for lack of
11 subject matter jurisdiction. Thereafter, plaintiff filed the
12 instant action in Butte County Superior Court, which was timely
13 removed to this court in February 2009.

14 On April 30, 2009, the court issued an order requiring that
15 the parties submit evidence of the amount in controversy, as it was
16 not apparent from the complaint or the removal documents. Both
17 parties have complied. Defendant has tendered evidence that
18 plaintiff owes nine separate loans totaling $98,761.96. Declaration
19 of Miriam Hiser in Support of Amount in Controversy ("Hiser Decl.")
20 ¶ 2. At the time he filed suit, the amount due was approximately
21 $81,000. Id. ¶ 3, Ex. A. Plaintiff does not dispute this evidence,
22 but has directed the court to the fact that the original amount of
23 the loans was $43,095, with the remaining amount currently due
24 representing the interest on the loans. Declaration of Douglas
25 Jacobs In Response to Court's Request for Evidence ("Jacobs Decl.")
26 ¶¶ 3-7.

2

**II. STANDARD FOR DISMISSAL FOR LACK OF FEDERAL JURISDICTION**

28 U.S.C. § 1332 confers federal diversity jurisdiction on civil actions where the matter in controversy exceeds the sum or value of $75,000.00. As the removing party, defendant bears the burden to show that the court has subject matter jurisdiction over the suit. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Insurance Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curium). To determine the amount in controversy, the court may consider whether it is "facially apparent" from the complaint. Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). In an action for declaratory relief, the amount in controversy is "the value of the object the plaintiff is seeking." Glenwood Light & Water Co. v. Mutual Light, H & P Co., 239 U.S. 121, 125 (1915); see also Ridder Bros., Inc. v. Blethen, 142 F.2d 395, 398-99 (9th Cir. 1944).

**III. ANALYSIS**

The court first considers the question of whether subject matter jurisdiction is proper under 28 U.S.C. § 1332, concluding that it is. Nevertheless, as explained below, remand is appropriate under the Declaratory Judgment Act.

**A.  Diversity Jurisdiction**

Defendant removed this action on the basis of diversity

jurisdiction, 28 U.S.C. § 1332. Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, there appears no dispute that defendant Sallie Mae, Inc., is not a citizen of California while plaintiff apparently is. See Jacobs Decl. Ex. A (providing plaintiff's address in California and defendant's address in Pennsylvania).

The amount in controversy question presents a more difficult resolution. It is undisputed that the original loan amounts at issue were less than the jurisdictional prerequisite but that the amounts due at the time of the filing of plaintiff's suit were asserted to be greater than $75,000. See Jacobs Decl. Ex. A; Hiser Decl. Ex. A.

"Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997), citing Sanchez v. Monumental Life Ins. Co., 102 F.2d 398 (9th Cir. 1996). The amount in controversy is defined as "[t]he value of the thing sought to be accomplished by the action," Ridder Bros. Inc. v. Blethen, 142 F.2d 395, 399 (9th Cir. 1944), or, in other words, "'the pecuniary result to either party which that judgment would produce.'" Sanchez, 102 F.2d at 405, quoting Gov't Employees Ins. Co. v. Lally, 327 F.2d 568, 469 (4th Cir. 1964).

Under this standard, the court is persuaded that defendant has met its burden to prove that the amount in controversy exceeds the

4

jurisdictional prerequisite of $75,000. In his Amended Complaint, plaintiff pled that he seeks a declaration as to the parties' rights with respect to "these amounts," referring to the debt that defendant sought to collect in June 2006. See Amended Compl. ¶¶ 4-5. He also seeks a declaration as to whether defendant may collect "any sums" or "any money" from him. Id. ¶ 6, Prayer for Relief ¶ 2. Per plaintiff's own pleading, therefore, his action is not confined to the amount of the initial loans, but all amounts the defendants allegedly assert are owing. It is undisputed that this total amount exceeds the $75,000 and so exceeded that amount at the time of plaintiff's filing of his complaint.

Accordingly, the court concludes that the requisites for exercise of diversity jurisdiction have been met.

**B.   Remand Under the Declaratory Judgment Act**

Although neither party has addressed the issue, because plaintiff's claims are for declaratory relief under state law, the court must exercise its discretion under the Declaratory Judgment Act in deciding whether to assert jurisdiction over the case. For the reasons stated herein, the court declines to assert jurisdiction over the case and remands it to state court.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a federal court may decline to exercise jurisdiction, even if jurisdiction would otherwise be proper, when the plaintiff is seeking declaratory relief. 28 U.S.C. § 2201 (federal court "may" declare the "rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could

be sought"); see also Public Affairs Assocs. v. Rickover, 369 U.S. 111, 112 (1962) (the Act authorizes federal courts to make declaratory judgments but "it did not impose a duty to do so"); Am. Cas. Co. of Reading, Pennsylvania v. Krieger, 181 F.3d 1113, 1118 (9th Cir. 1999) (a federal court may decline to exercise jurisdiction over a declaratory action even if it otherwise has subject matter jurisdiction).

In considering whether to exercise jurisdiction, the court should consider whether resolution of the suit would require needless determination of state law issues, would reward forum shopping, and would create duplicative litigation. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998), citing Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942). These factors are not exhaustive and the court may consider other equitable factors when determining whether to exercise jurisdiction. Dizol, 133 F.3d at 1225 n. 5; Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 672 (9th Cir. 2005).

Here, the facts tendered to the court suggest that assertion of the court's jurisdiction over this matter is not proper. The first Brillhart factor weighs strongly in favor of remand, as exercise of jurisdiction over the action would require the court to resolve matters of solely state law. Here, plaintiff has asserted that he is entitled to relief under the doctrines of waiver and estoppel. See Pl.'s Opp'n to Def.'s Mot. to Dismiss at 4-5. Neither party appears to dispute that application of these doctrines relies purely on California law. See id.; Def.'s Mot. to

Dismiss at 3-4. Although defendant asserts that plaintiff's action is barred under the federal statute 20 U.S.C. § 1091a, which abrogated limitation periods for collection of student loan debts, that statute appears inapplicable to plaintiff's action, which is not based solely on defendant's alleged delay in collecting the debt but also defendant's agent's alleged affirmative representations that the collection would not be sought. See 20 U.S.C. § 1091a (referring only to time limitations on enforcement of student loan debts). Therefore, it is not the case that although the plaintiff's action invokes only state law, there is an implicit federal law issue the resolution of which is essential to the judgment. Declining to retain jurisdiction of the case, therefore, appears appropriate. See Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800 (9th Cir. 2002) (no abuse of discretion for district court to find this factor weighed in favor of remand to state court where action involved purely state law issues).

None of the remaining Brillhart factors or other equitable considerations weigh strongly in favor of either exercising jurisdiction or remanding the case. There is minimal evidence of forum shopping. Although plaintiff filed a substantially similar action in the Bankruptcy Court, that court dismissed the action for lack of subject matter jurisdiction. Given this, the plaintiff may reasonably have believed the proper forum for his action was state court and his failure to file in this court does not necessarily suggest forum shopping. Similarly, defendant's removal of the state court action does not indicate forum shopping on its part, given

7

the evidence that diversity jurisdiction could be exercised.

The third <u>Brillhart</u> factor is similarly neutral in the analysis. Plaintiff's action solely seeks declaratory relief and does not assert any other state or federal claims. To the court's knowledge, there are not concurrent suits pending in state court. Accordingly, this factor favors neither party. <u>See</u> <u>Huth</u>, 298 F.3d at 803-804; <u>Krieger</u>, 181 F.3d at 1119; <u>Dizol</u>, 133 F.3d at 1125-26.

There are no other factors indicating that exercise of jurisdiction would be appropriate. <u>See</u> <u>Dizol</u>, 133 F.3d at 1225 n. 5; <u>Robinson</u>, 394 F.3d at 672. The case is in its initial stages, with no substantive orders of the court having been issued and discovery not set to be completed until January 2010. <u>See</u> Scheduling Order, May 28, 2009, at 4. <u>See</u> <u>Dizol</u>, 133 F.3d at 1224 (remand may not be appropriate "after years of federal litigation"). It appears no more convenient for the parties to litigate in federal court rather than state court. <u>See</u> <u>id.</u> at 1225 n.5. Accordingly, remand appears appropriate under the controlling authority.

## IV. CONCLUSION

For the reasons stated herein, this action is REMANDED to the Superior Court of California, Butte County. The Clerk is directed to close the case.

IT IS SO ORDERED.

DATED: June 19, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8